UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Torriano D. Williams, | ) | C/A No. 8:11-00645-JMC-JDA |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Warden Dunlap, | ) | Report and Recommendation |
| | ) | |
| Respondent. | ) | |

_____

Torriano D. Williams ("Petitioner"), a self-represented state prisoner, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Pursuant to the provisions of 28 U.S.C. §636(b) and Local Rule 73.02(B)(2) D.S.C., the undersigned is authorized to review such petitions and submit findings and recommendations to the District Court.  For the reasons that follow, the undersigned recommends the District Court dismiss the petition in this case without prejudice and without issuance and service of process.

Standard of Review

Under established local procedure in this judicial district, a careful review has been made of this *pro se* petition pursuant to the Rules Governing Section 2254 Proceedings for the United States District Court, the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, and other habeas corpus statutes. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

This Court is required to liberally construe *pro se* documents.  *Estelle v. Gamble*, 429 U.S. 97 (1976).  Such *pro se* documents are held to a less stringent standard than

those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4ᵗʰ Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). Even under this less stringent standard, however, this *pro se* petition is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Serv.*, 901 F.2d 387 (4th Cir. 1990).

## Discussion

Petitioner indicates that he was found guilty of the offense of "Possession with Intent to Distribute" in the Florence County Court of General Sessions on March 19, 2009. ECF No. 1, pages 2-3. Petitioner was sentenced to five years of incarceration, "non-parolable." *Id.* at 3. It is unclear whether Petitioner filed a direct appeal of his conviction, however, Petitioner is currently represented by counsel in "Post-Conviction Relief" proceedings.[1] *Id.* Petitioner's grounds for habeas relief are associated with an alleged "[c]hange in Sentencing Guidelines." *Id.* at 8. Specifically, Petitioner states that: "The Omnibus Crime Reduction and Sentencing Reform Act of 2010 - Repealed/Amended the law that I was convicted/Sentenced under on June 2, 1010, Gov. Mark Sanford signed the bill into law." *Id.* Petitioner further states that, "[t]he Reform Act of 2010 has already altered inmates that

---

[1] Online records for Florence County indicate that Petitioner filed his post-conviction relief action, 2009-CP-21-02858, on November 19, 2009. The State filed a return on April 1, 2010 and the Transcript of Record was filed on March 2, 2011. *See* Florence County Twelfth Judicial Circuit Public Index, http://publicindex.sccourts.org/florence/publicindex/ (last visited April 20, 2011).

were convicted prior to June 2, 2010." *Id.* However, Petitioner believes the application of this law to be "unconstitutional for it had no bearing on other inmates." *Id.* Petitioner alleges that the law "should have been open to affect every individual within reach of the Bill not just those deemed by congress and South Carolina Department of Corrections." *Id.* at 9. Petitioner asks that his "sentence be exacted with the law on record for the prior law has been deem unfair in it's rulings." *Id.*

Habeas corpus proceedings are the proper mechanism for a prisoner to challenge the legality or duration of his custody. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Moreover, a petition for habeas corpus under § 2241 is the proper method to challenge the execution of a federal sentence. *United States v. Little*, 392 F.3d 671, 679 (4th Cir. 2004) (citing *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (en banc)). However, Circuit courts are split on whether 28 U.S.C. § 2241 or 28 U.S.C § 2254 is the proper statute under which a state inmate should proceed when challenging something other than the underlying state conviction. The majority view is that § 2254 is the exclusive vehicle for habeas corpus relief by a state prisoner in custody pursuant to a state court judgment, even when the petitioner is not challenging his underlying conviction. *See White v Lambert*, 370 F.3d 1002, 1005 (9th Cir. 2004), (overruled on other grounds by *Hayward v. Marshall*, 603 F.3d 546, 553 (9th Cir. 2010)). While the Fourth Circuit Court of Appeals noted the split of authority in *Gregory v. Coleman*, No. 06-6646, 2007 WL 570522 (4th Cir. Feb. 20, 2007), it does not appear that the Fourth Circuit has issued a published opinion taking a definitive stance on the issue.

In the instant action, Petitioner appears to challenge his state sentence and possibly the calculation of that sentence by the South Carolina Department of Corrections. However, regardless of whether Petitioner seeks habeas relief under 28 U.S.C. § 2241 or 28 U.S.C. § 2254, the instant petition is subject to summary dismissal for failure to exhaust administrative and/or state remedies. The requirement that state remedies must be exhausted before filing a federal habeas corpus action is found in the statute, 28 U.S.C. § 2254(b)(1), which provides that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that (A) the applicant has exhausted the remedies available in the courts of the State . . . ."  Although § 2241 itself does not contain an exhaustion requirement, a prisoner must first exhaust his administrative remedies before bringing a claim under that statute. *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490-91 (1973).  *See also McClung v. Shearin*, No. 03-6952, 2004 WL 225093, at **1 (4th Cir. Feb. 6, 2004)(citing *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 634 (2d Cir. 2001)).

In the present case, Petitioner clearly states that he has made no attempt to exhaust his available administrative remedies as required for a claim brought pursuant to § 2241. *See* ECF No. 1, page 6.  Further, as Petitioner's post-conviction relief (PCR) proceedings remain pending at this time, he cannot demonstrate exhaustion of state remedies under § 2254.  Therefore, this case is subject to summary dismissal.

<u>Recommendation</u>

Accordingly, it is recommended that the petition for a writ of habeas corpus in the above-captioned case be dismissed *without prejudice* and without issuance and service

of process upon the Respondent.  *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970)

(federal district courts have duty to screen habeas corpus petitions and eliminate burden

placed on respondents caused by ordering an unnecessary answer or return). Petitioner's

attention is directed to the important notice on the next page.

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin
United States Magistrate Judge

April 21, 2011
Greenville, South Carolina

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
300 East Washington Street, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).